UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK D. AMBROSE,                                     5:14-mc-5 (GTS/ATB)

                                  Plaintiff,

                                  v.

THE U.S. DEPARTMENT OF JUSTICE,

                                  Defendant.

MARK D. AMBROSE, Plaintiff Pro se

ANDREW T. BAXTER, U.S. Magistrate Judge

## **REPORT-RECOMMENDATION**

      Plaintiff filed the instant "Motion for Order to Show Cause" (Dkt. No. 1) on January 27, 2014, which, upon his payment of the $46 filing fee, was opened as a miscellaneous matter. He previously attempted to file similar papers, which the Clerk of the Court rejected by letter dated January 16, 2014 (Dkt. No. 1-6), because they were not in the form of "a Civil Complaint, together with a $400 statutory filing fee or [an IFP Application][1] and the Motion for Order to Show Cause. . . **or** the Motion for Order to Show Cause, together with a $46 Miscellaneous filing fee or an IFP application." (Emphasis added.)

      Plaintiff is attempting to compel the U.S. Department of Justice to provide him with certain documents from its litigation file in *Ambrose v. United States*, U.S. Federal Court of Claims Case No. 11-64-T, which action was dismissed with prejudice on October 11, 2103, based on plaintiff's settlement of that action. (No. 11-64-T, Dkt. No. 37). The plaintiff's motion papers in this case include a copy of an October 29, 2013 letter, by which he informally requested those documents from the Department of Justice ("DOJ") Tax Division Attorney who handled the Court of Claims action.

---

[1] An IFP Application is an Application to Proceed without Prepayment of Fees & Affidavit–Form AO 240.

(Dkt. No. 1-4). Plaintiff also attaches an e-mail he wrote on November 20, 2013, purportedly confirming that the DOJ Attorney advised plaintiff by telephone that the requested documents would not be disclosed, based on "privilege." (Dkt. No. 1-5).

Construing this pro se plaintiff's submission liberally, as Second Circuit authority requires,[2] he could have grounds to file a civil complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[3] However, a bare motion for an order to show cause is not the appropriate vehicle for plaintiff to try to obtain the relief he is seeking, because it is not connected to any pending federal proceeding or process, such as a subpoena.[4] If plaintiff intends to pursue a FOIA claim against the DOJ, he would need to file a civil complaint, with the $400 filing fee or an IFP application documenting his financial inability to pay the fee. *See, e.g., Johnson v. Shawnee County Coroner's Office*, 09-3161, 2009 WL 2876594, at * 2 (D. Kan. Sept. 2, 2009).

---

[2] *See, e.g., Shomo v. State of New York*, 374 F. App'x 180, 183 (2d Cir. 2010) (courts are obligated to construe pro se pleadings liberally and to read them with "special solicitude," interpreting them to raise the strongest claims that they suggest).

[3] This court makes no finding that plaintiff ultimately could state a viable claim under FOIA, or that he has made a proper FOIA request or appealed any denial of that request pursuant to Department of Justice regulations. *See McKevitt v. Mueller,* 689 F. Supp. 2d 661, 667 (S.D.N.Y. 2010) ( FOIA provides a cause of action only to a requester who, following the proper procedures, has filed a FOIA request that has been denied); *Lewis v. U.S. Dept. of Justice*, 733 F. Supp. 2d 97, 105-06 (D.D.C. 2010) (a FOIA suit generally cannot proceed if a plaintiff fails to exhaust his administrative remedies; generally, a requester exhausts his administrative remedies by filing a proper FOIA request directly to the FOIA office of the DOJ component that maintains the desired records, see 28 C.F.R. § 16.3(a), and by appealing an adverse determination administratively to the DOJ Office of Information and Privacy, see 28 C.F.R. § 16.9(a)).

[4] See, e.g, *Allegiance Healthcare v. London Intern. Group PLC*, 197 F.R.D. 517, 518 (M.D. Fl. 1999) (denying motion for order to show cause why a foreign doctor should not be held in contempt for refusing to express expert opinions in connection with ongoing litigation in the Northern District of Georgia, where it was not established that the subpoena to the doctor was properly issued in the Georgia action and there was no showing as to why the non-party doctor should be forced to testify in that action); *U.S. v. Wolfe*, Misc. 08–0088, 08–0117, 2008 WL 4684779, at *3 (E.D. Cal. Oct. 2, 2008) (recommending dismissal of miscellaneous action in which plaintiffs, who were the subject of a separate miscellaneous action to enforce an Internal Revenue Service summonses against them, filed a patently frivolous " . . . Expedited Petition for Hearing for Show Cause . . ." that was based entirely on legal fictions).

Because the letter from the Clerk's Office may have suggested that plaintiff could have initiated such an action by filing only a Motion for Order to Show cause as a miscellaneous matter, without a supporting civil complaint, the court, by Decision and Order dated February 4, 2014 (Dkt. No. 2), granted plaintiff leave to request the dismissal of this miscellaneous matter without prejudice; if he did so, the court stated that it would direct the Clerk to refund his $46 filing fee. The plaintiff has not availed himself of that opportunity. According, this court recommends that the miscellaneous action be dismissed without prejudice to plaintiff filing a civil complaint under FOIA, with the $400 filing fee or an IFP application documenting his financial inability to pay the fee.[5]

**WHEREFORE, IT IS RECOMMENDED** that plaintiff's Motion for Order to Show Cause (Dkt. No. 1) be **DENIED**, and this "miscellaneous action" be **DISMISSED**, without prejudice to plaintiff filing a proper civil action supported by a complaint.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the plaintiff has fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 22, 2014

                                            Hon. Andrew T. Baxter
                                            U.S. Magistrate Judge

---

[5] Given the plaintiff's lack of response to my February 2, 2014 Decision and Order, I will **not** direct the Clerk is to refund plaintiff's $46 miscellaneous action filing fee.